FRIEDMAN, Senior Circuit Judge,
dissenting.
I would vacate and remand for the Board to consider the merits of the prohibited personnel practice issue.
In the first decision, Chief Administrative Law Judge Streb did not find that the agency had committed a prohibited personnel practice, which is one of the touchstones under the Board’s Allen decision for determining whether a prevailing party is entitled to attorney fees. He decided only the merits of Price’s case, ruling that the agency had improperly suspended her *1328 without a hearing and finding of good cause for placing her in AWOL status, contrary to 5 U.S.C. § 7521. There was no reason for him to address the attorney fee issue. Although the Board denied a petition to review his decision, if the Board had reversed that decision, there would have been no occasion to decide the attorney fee question.
After the Board denied review, Price sought attorney fees. Administrative Law Judge Hermele granted her attorney fees as in the interest of justice. He held that “by not providing the Appellant with an opportunity for a fair hearing before suspending her without pay for three months, the Agency clearly engaged in a ‘prohibited personnel practice,’ which violated her right to due process.”
In reversing the attorney fee award, the Board accepted the agency’s argument that “the administrative law judge erred in finding that [the agency] engaged in a prohibited personnel practice by not providing the appellant with an opportunity for a hearing before suspending her.” The Board stated:
Where there is no finding of a prohibited personnel practice in an underlying appeal, the Board will not grant attorney fees on that basis. See Vann v. Department of the Navy, 38 M.S.P.R. 411, 416 n. 5 (1988) (where there is no underlying finding that the agency engaged in a prohibited personnel practice, the Board will not rely on this Allen category to grant attorney fees); see also Ryan v. Veterans Administration, 33 M.S.P.R. 463, 466 (1987) (accord). Therefore, the administrative law judge in the attorney fees portion of the case erred by basing an attorney fees award upon a finding that the agency committed a prohibited personnel practice.
The Board’s ruling is unconvincing. The Board gave no reason why the lack of a finding of a prohibited personnel practice by the administrative law judge in the first proceeding should preclude a different administrative law judge from making such a finding in the second proceeding. The two Board cases the Board cites to support its ruling do not address the present situation, but merely apply the settled rule, that where there is no finding of a prohibited personnel practice, the Board will not award attorney fees. Since there was no prohibited personnel practice issue involved in the first proceeding, it is difficult to understand why the first administrative law judge’s failure to make a finding on that point (which would have been dictum) should preclude a different administrative judge from finding a prohibited personnel practice in the subsequent proceeding in which that issue arose. Although the Board has a strong interest in ensuring that a second administrative law judge does not second guess and reverse rulings and findings of the first administrative law judge in the same case, this is not that situation.
Although the Board has broad discretion in how it conducts its proceedings and in prescribing the procedural rules it will follow, the ruling that Administrative Law Judge Hermele was precluded from finding that the agency committed a prohibited personnel practice because of a failure of Chief Administrative Law Judge Streb to so find in the earlier proceeding is, in my view, unpersuasive.
The determination whether there has been a prohibited personnel practice is for the Board to make in the first instance. I would vacate the Board’s holding that it was not open to Administrative Law Judge Hermele to make such a finding and remand to the Board to consider the merits of that issue.